

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
PRASANNA GOONEWARDENA

**CV 14                      3904**

**ORIGINAL**

              Plaintiff

COMPLAINT
(Unlawful Debt. Collection Practices)

    -against-

CIVIL ACTION No.

FORSTER & GARBUS LLP

**BRODIE, J.**

**BLOOM, M.J.**

              Defendant

TRIAL BY JUDGE
DEMANDED

**RECEIVED**
**JUN 1 9 2014**
**PRO SE OFFICE**

-------------------------------------------------------------X

## Introduction

1. Plaintiff Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA").

## Jurisdiction and Venue

2. Jurisdiction of this court arises pursuant to 15 U.S.C 1692k(d), which states that such action may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and 28 U.S.C § 1331 grants this court original jurisdiction of all civil actions arising under the laws of the United States. Supplemental jurisdiction over the state claims under 28 USC § 1367.

3. Defendant conducts business in the State of New York and therefore, personal jurisdiction is established.

4. Venue is proper pursuant to 28 U.S.C. § 1391 (b).

5. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202.

1

<div align="center">Parties</div>

6.  Plaintiff is a natural person residing at 247-34A 77 Cres, Bellerose, NY 11426.

7.  Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a (3).

8.  Defendants Forster & Garbus LLP ("F&G") is a debt collection company located at 60 Motor Parkway, Commack, NY 11725.

9.  Defendants is a debt collector as that term is defined by 15 U.S.C. § 1692 a (6), and sought to collect a consumer debt from plaintiff.

10. The Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

<div align="center">Preliminary Statement</div>

11. The Fair Debt Collection Practices Act ("FDCPA") is a comprehensive statute that prohibits a catalog of activities in connection with the collection of debts by third parties. See 15 U.S.C. § 1692 *et seq.* The FDCPA imposes civil liability on any person or entity that violates its provisions, and establishes general standards of debt collector conduct, defines abuse, and provides for specific consumer rights. 15 U.S.C. § 1692k. The operative provisions of the FDCPA declare certain rights to be provided to or claimed by debtors, forbid deceitful and misleading practices, prohibit harassing and abusive tactics, and proscribe unfair or unconscionable conduct, both general and in a specific list of disapproved practices.

12. In particular, the FDCPA broadly enumerates several practices considered contrary to its stated purpose, and forbids debt collectors from taking such action. The substantive heart of the FDCPA lies in three broad prohibitions. First, a "debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with

<div align="center">2</div>

the collection of a debt." 15 U.S.C. § 1692d. Second, a "debt collector may not use any false, deceptive or misleading representation or means in connection with the collection of any debt." 15 U.S.C. § 1692e. And third, a "debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The FDCPA is designed to protect consumers from unscrupulous collectors, whether or not there exists a valid debt, broadly prohibits unfair or unconscionable collection methods, conduct which harasses, oppresses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt.

13. In enacting the FDCPA, the United States Congress found that "[t]there is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors," which "contribute to the number of personal bankruptcies, to marital instability, to loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692a. Congress additionally found existing laws and procedures for redressing debt collection injuries to be inadequate to protect consumers. 15 U.S.C. § 1692b.

14. Congress enacted the FDCPA to regulate the collection of consumer debts by debt collectors. The express purposes of the FDCPA are to "eliminate abusive debt collection practices by debt collectors, to insure that debt collectors who refrain from using abusive collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692e.

15. The [FDCPA] imposes strict liability, a consumer need not show intentional conduct by the debt collector to be entitled to damages.

16. The purpose of applying the "least sophisticated consumer" standard to review claims of FDCPA violations is to:

a. Ensure the protection of all consumers, even the naïve and the trusting, against deceptive debt collection practices.

<center>Factual Allegations</center>

17. On June 9, 2014, defendant F& G sent plaintiff a collection letter requesting money in the amount of $14,904.57 payable to "Forster & Garbus LLP as attorneys." (Exhibit A.)

18. In the collection letter on top F&G indicate Re: SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC and the on bottom Re: SLM PRIVATE CREDIT STUDENT. This is confusing to the least sophisticated consumer and in violation of 15 U.S.C. 1692e.

19. Upon information and belief, there is no registered entity called SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC or SLM PRIVATE CREDIT STUDENT.

20. On January 23, 2014, plaintiff entered into an agreement to settle four lawsuits F&G filed against plaintiff in state Supreme Court and Queens Civil Court. As part of the agreement, F&G associate, Ronald Ferraro wanted plaintiff to dismiss with prejudice plaintiff's federal claim-13 CV 6415 against F&G. Plaintiff said that he will only agree if F&G agrees not to ever take any collection actions against the plaintiff. Mr. Ferraro agreed. Mr. Ferraro drafted the agreements but did not state in plain language that F&G would agree not to take any more collection actions against plaintiff. Then Mr. Ferraro agreed orally not to file any more suits against plaintiff or to send any collection notices. After the defendant F&G agreed, the defendant on June 9, 2014 sent plaintiff a collection notice demanding payment in the amount of $14,904.57 with a check payable to Forster & Garbus LLP as attorneys. (Exhibit A.) This is breach of contract.

<center>4</center>

21. Defendant F&G has a history of filing frivolous lawsuits and harassing consumers. For example, F&G filed a lawsuit in Queens Civil Court against Emmanuel Sledge listing: The Forster Group INC. APO HSBC/Orchard Bank as plaintiff. (Exhibit B.) Upon information and belief, there is no entity exist called THE FORSTER GROUP INC. APO HSBC / Orchard Bank.

22. Forster & Garbus have been sued 45 times in New York Federal Courts. In fact, Magistrate Bloom handled six of those cases. Therefore, Magistrate Bloom is familiar with F&G's unlawful acts.

23. Section 1692g specifically requires debt collectors to identify, *inter alia*, "the name of the creditor to whom the debt is owed." By listing two different names, plaintiff is so confused and does not even know who is the current creditor or if any exists. In another word, in two "reference" lines, the defendant listed, "SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC" and on the bottom, "SLM PRIVATE CREDIT STUDENT." Plaintiff is easily confused and does not know who owned this alleged debt. In this circuit, courts have repeatedly have ruled that, "if the required information is not communicated to the debtor, or if it is provided in a manner that is 'confusing' to the consumer § 1692g has been violated." This is also in violation of 15 U.S.C § 1692e. There is no entity called SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC and SLM PRIVATE CREDIT STUDET. Accordingly, defendants' listing of some non-registered, non-existing entity SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC and SLM PRIVATE CREDIT STUDENT as the current creditor is material.

### COUNT 1

Violation of Section 1692e, f and g of the Fair Debt Collection Practices Act Against
Defendant Brought By Prasanna Goonewardena

5

24. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1 through 23 as if set forth fully in this Count.

25. On June 9, 2014, defendant F&G sent plaintiff a collection notice indicating Re: SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC and on the bottom Re: SLM PRIVATE CREDIT STUDENT. Upon information and belief, there is no legal entity called SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC or SLM PRIVATE CREDIT STUDENT.

26. Defendant's collection letter is so confusing to the least sophisticated consumer because on the top part it listed Re: SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC and on the bottom Re: SLM PRIVATE CREDIT STUDENT. This is so confusing to the least sophisticated consumer to figure out who the current creditor is and who the original creditor is, if there is any. This collection letter confusing because it lists two different names, it reasonably read to have two or more different meanings, and both of which are inaccurate. This is in violation of 15 U.S.C § 1692e.

27. By listing non-registered, non-existing entity as the current creditor, defendant violated 15 U.S.C. §1692g (a) (2).

28. Using unfair and unconscionable means to collect or attempt to collect the alleged debt, in violation of 15 U.S.C. § 1692f.

## COUNT 2
### Violation of 15 U.S.C. §1692g

29. Plaintiff hereby restates, realleges, and incorporates herein by reference all paragraphs 1 through 28 as if set forth fully in this Count.

30. By listing two different names, plaintiff is so confused and does not even know who

the current creditor is or if any exists. In another word, in two "reference" lines, the defendant

listed, "SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC" and on the

bottom, "SLM PRIVATE CREDIT STUDENT." Plaintiff is easily confused and does not know

who owned this alleged debt. In this circuit, courts have repeatedly ruled that, "if the required

information is not communicated to the debtor, or if it is provided in a manner that is 'confusing'

to the consumer § 1692g has been violated." There is no entity called SLM PRIVATE CREDIT

STUDENT LOAN TRUST VL FUNDING LLC and SLM PRIVATE CREDIT STUDENT.

Accordingly, defendants' listing of some non-registered, non-existing entity SLM PRIVATE

CREDIT STUDENT LOAN TRUST VL FUNDING LLC and SLM PRIVATE CREDIT

STUDENT as the current creditor is material.

<div align="center">

COUNT 3
Violation of 15 U.S.C. §1692e

</div>

31. Plaintiff hereby restates, realleges, and incorporates herein by reference all paragraphs 1

through 30 as if set forth fully in this Count.

32. The defendant falsely or deceptively represented a non-existent entity and non-registered

entity as SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC and SLM

PRIVATE CREDIT STUDENT. This is in violation of 15 U.S.C. § 1692e. It is so material in the

FDCPA and Courts have permitted cases to proceed alleging FDCPA § 1692e violations where

the name of the current creditor has been falsely or deceptively represented. In those few cases

that adopt a materiality requirement, statements are material if they influence a consumer's

decision to pay a debt or if they would impair the consumer's ability to challenge the debt. Here,

it is not clear who the current creditor is. It is also confusing to the least sophisticated consumer

because the defendant listed two non-existing names in the collection letter.

33. Defendant says, "make check payable to: FORSTER & GARBUS LLP as attorneys."

<div align="center">

7

</div>

Plaintiff is so confused to find if plaintiff allegedly owed money to SLM PRIVATE CREDIT

STUDENT LOAN TRUST VL FUNDING LLC or SLM PRIVATE CREDIT STUDENT, then

why is the plaintiff required to make a payment to "Forster & Garbus LLP as attorneys." This is

so confusing to the least sophisticated consumer. Plaintiff does not owe any money to SLM

PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC or SLM PRIVATE

CREDIT STUDENT. The FDCPA was intended to "eliminate the recurring problem of debt

collectors dunning the wrong person."

34. Using false, deceptive, or misleading representations or means in connection with the

collection of any debt, in violation of 15 USC § 1692e.

<div align="center">

COUNT 4
Violation on 15 U.S.C. §1692e (3)

</div>

35. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1

through 34 as if set forth fully in this Count.

36. Defendant indicated in the collection letter make check payable to: FORSTER &

GARBUS LLP "as attorneys."

37. Defendant violated 15 U.S.C. §1692e (3) by indicating that the communication is from an

attorney.

<div align="center">

COUNT 5

</div>

38. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1

through 37 as if set forth fully in this Count.

39. Defendant says on the face of the collection letter, "Balance due as of June 9, 2014

$14,904.57."

40. Plaintiff does not owe anyone $14,904.57. Plaintiff never borrowed any money from

SLM PRIVATE CREDIT STUDENT LOAN TRUST VL FUNDING LLC or SLM PRIVATE

<div align="center">

8

</div>

CREDIT STUDENT.

41. Defendant used false representation of the amount with the collection of the debt. This is in violation of 15 U.S.C. § 1692e (2)(A).

42. The second circuit held that a debt collection letter from a law firm or lawyer violates section 1692e (3) if an attorney was not "directly & personally involved" with the debtor's account – such as by reviewing the debtor's file - before the letter was sent.

COUNT 6
Cause of Action Pursuant to New York GBL § 349

43. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1 through 42 as if set forth fully in this Count.

44. GBL § 349 provides in pertinent part: "Deceptive acts or practices in the conduct of any business, . . . in the furnishing of any service in this state are hereby declared unlawful." Since the challenged act was consumer-oriented and misleading in a material way and plaintiff suffered injury as a result of the deceptive act, the defendant is liable under GBL § 349.

COUNT 7
Cause of Action for Gross Negligence

45. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1 through 44 as if set forth fully in this Count.

46. Since the defendant's conduct "evinces a reckless disregard for the right of others or smacks of intentional wrongdoing" defendants are liable under gross negligence.

COUNT 8
Breach of Contract

47. Plaintiff hereby restates, realleges, and incorporates herein by reference paragraphs 1 through 46 as if set forth fully in this Count.

9

48. On January 23, 2014, plaintiff entered into an agreement to settle four lawsuits F&G filed against plaintiff in state Supreme Court and Queens Civil Court. As part of the agreement, F&G associate, Ronald Ferraro wanted plaintiff to dismiss with prejudice plaintiff's federal claim-13 CV 6415 against F&G. Plaintiff said that he will only agree if F&G agrees not to ever take any collection actions against the plaintiff. Mr. Ferraro agreed. Mr. Ferraro drafted the agreements but did not state in plain language that F&G would agree not to take any more collection actions against plaintiff. Mr. Ferraro then agreed orally not to file any more suits against plaintiff or to send any collection notices. After the defendant F&G agreed, the defendant on June 9, 2014 sent plaintiff a collection notice demanding payment in the amount of $14,904.57 with a check payable to "Forster & Garbus LLP as attorneys." (Exhibit A.) This is breach of contract

<div align="center">Demand for trial by Judge</div>

WHEREFORE, plaintiff Prasanna Goonewardena respectfully requests that this Honorable Court grant the following relief in his favor:

    (A) Statutory damages as provided by 15 U.S.C. § 1692k of the ADCPA;

    (B) Plaintiff requests injunctive and monetary damages;

    (C) All actual compensatory damages suffered pursuant to 15 U.S.C §1692k(a)(1);

    (D) Plaintiff respectfully requests this Honorable Court to report the defendant and its employees to proper legal authorities for engaging in criminal fraud against the plaintiff.

    (E) Any other relief that this Court deems appropriate under the circumstances.

I PRASANNA GOONEWARDENA affirm and says that the plaintiff Pro Se in this action that the plaintiff has read the foregoing complaint and knows the contents thereof, that the same is

<div align="center">10</div>

true to the plaintiff's knowledge, except as to matters therein stated to be alleged upon

information and belief, and that as to those matters plaintiff believe to be true.

Dated: Queens, NY
      June 19, 2014

                                              Respectfully submitted,

                                              Prasanna Goonewardena

11

# EXHBIT A

**FORSTER & GARBUS LLP**
A NEW YORK LAW FIRM

60 Motor Parkway
Commack, NY 11725-5710
- CW81906370DGL -

2 2 00000529
413573

RONALD FORSTER - Adm. in NY Only
MARK A. GARBUS - Adm. in NY Only
EDWARD J. DAMSKY - Adm. in NY Only
JOEL D. LEIDERMAN - Adm. in NY Only

ANNETTE T. ALTMAN - Adm in NY Only
OLIVIA DEBELLIS - Adm in NY Only
RONALD J. FERRARO - Adm in NY & NJ
MICHAEL J. FLORIO - Adm in NY Only
AMY GAVUK - Adm in NY Only
TESS E. GUNTHER - Adm in NY & CT
KEVIN M. KNAB - Adm in NY Only
MICHAEL S. LEINOFF - Adm in NY Only

**PERSONAL & CONFIDENTIAL**

June 9, 2014

BALANCE DUE as of June 9, 2014 ▸ $14,904.57
Reference Number ▸ CW81906370
Account Number ▸ XXX6370

Re ▸ SLM PRIVATE CREDIT STUDENT
LOAN TRUST
VL FUNDING LLC

PRASANNA GOONEWARDENA
24734 A 77TH CRESCENT
BELLEROSE NY 11426-1880

1-631-393-9400
1-877-207-5078Ext. 660
**Representative Name: MS ESTRADA**
Monday thru Thursday 8:00AM – 9:00PM EST
Friday 8:00AM – 5:00PM EST

Dear Prasanna Goonewardena,

Your account has been placed with this office for collection.  If this account is not disputed, we shall expect your payment in full.

At this time, no attorney with this firm has personally reviewed the particular circumstances of your account.  At this time, no determination has been made as to whether a lawsuit will be commenced.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

Interest may subsequently accrue to this account; therefore, the amount due on the day you pay may be greater.

Please note that we are required, under federal law, to advise you that we are debt collectors and any information we obtain will be used in attempting to collect this debt.

Please mail all correspondence and payments to the address listed below.

Office Location:  60 Motor Parkway
Commack, NY 11725-5710

▴ DETACH HERE ▴

MAKE CHECK PAYABLE TO: **FORSTER & GARBUS LLP as attorneys** AND RETURN COUPON WITH PAYMENT TO PO BOX 9030, Commack, NY 11725-9030 IN ENCLOSED ENVELOPE

PRASANNA GOONEWARDENA
24734 A 77TH CRESCENT
BELLEROSE NY 11426-1880

BALANCE DUE as of June 9, 2014 ▸ $14,904.57
Reference Number ▸ CW81906370
Re ▸ SLM PRIVATE CREDIT STUDENT

Rep. Code ▸ AA
Date ▸ June 9, 2014

➡ Please Note Current     BEST TIME TO CALL

Home Phone # _____ _____

Work Phone # _____ _____

Cell Phone # _____ _____

CW81906370

 Forster & Garbus LLP
PO Box 9030
Commack, NY 11725-9030

FGG
F&GG.V7
413573
Page i of 1

# EXHBIT B

CIVIL COURT OF THE CITY OF NEW YORK Part 34C #11
COUNTY OF QUEENS

---

The Forster Group Inc APO HSBC / Orchard Bank

Plaintiff,

-against-

Emmanuel Sledge

Defendant.

Index No. 3961/13

SETTLEMENT STIPULATION

Account No. 7F68997446

---

**IT IS HEREBY STIPULATED AND AGREED**, by and between plaintiff's attorneys and defendant(s) and/ defendant's attorneys as follows:

1. Defendant consents to the jurisdiction of this Court.

2. Defendant hereby withdraws the answer and waives any and all offsets, defenses and/or counterclaims.

3. This action is settled upon the following terms and conditions: Defendant shall pay $ 550.00, without ar interest as full settlement of this action. The settlement shall be paid by consecutive monthly payments of $ 25.00 du on or by the 28th day of every month commencing on the 28th day of November, 20 13.
The judgment is vacated. Any bank restraints and/or income executions are lifted NO JUDGMENT

4. Payments are to be made by check or money order payable to "Forster & Garbus, as attorneys", and sent to Forster & Garbu at P.O. Box 9030, Commack, NY 11725-9030.

5. Should any payment not be received by the due date, or should any check sent in payment be returned by the bank for any reason whatsoever, and the payment not be received within 10 days after written notification to defendant and/or defendant's attorney, plaintiff shall have the right to enter judgment without further notice, for the ~~suit~~ settled amount, less any payments made together with costs and disbursements.

6. Upon full payment of the settlement sum, a stipulation of discontinuance shall be filed with the Court. and a copy mailed to Δ within 60 days

7. This stipulation is in settlement of this action only and only against the defendant(s) signing this stipulation.

8. Account No. ending 9191 / HSBC

Dated: August 14, 2013

Civil Court of the City of New York
AUG 14 2013
ENTERED
QUEENS COUNTY

Emmanuel Sledge
Defendant's Signature

Address: Emmanuel Sledge
153-18 Francis Lewis Blvd
Rosedale, NY 11422
Telephone No.: 718 525-4048

Employer Name:
Employer Tel No.:
Employer Address:

FORSTER & GARBUS LLP
Attorneys for Plaintiff
60 Motor Parkway
Commack, New York, 11725-5710
(631) 393-9400
~~NYS DCA License #1259596~~

By Amy Gavlik

JODI ORLOW
JUDGE, CIVIL COURT

PLEASE NOTE THAT WE ARE REQUIRED, UNDER FEDERAL LAW, TO ADVISE YOU THAT WE ARE DEBT COLLECTORS AND ANY INFORMATION WE OBTAIN WILL BE USED IN ATTEMPTING TO COLLECT THIS DEBT.)